```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


CHARLES EDWARD BONNER,          §
TDCJ-CID NO. 560458,            §
                                §
            Plaintiff,          §
                                §
v.                              §    CIVIL ACTION NO. H-07-4501
                                §
JUDGE SAMUEL KENT,              §
                                §
            Defendant.          §
```

**<u>MEMORANDUM OPINION AND ORDER</u>**

Charles Edward Bonner, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division and frequent filer of prisoner civil rights complaints, has filed yet another complaint, this time against a federal judge in the guise of a complaint under 28 U.S.C. § 351. The court interprets this action to be a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Bonner has filed this action without paying the filing fee in advance. This action will be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Bonner has filed numerous civil rights complaints while incarcerated. At least four of these civil rights actions have been dismissed as frivolous. See <u>Sanction Lists</u>, <u>http://156.124.4.123/sanction.htm.</u>, <u>citing</u> <u>Bonner v. Gayle</u>, No. H-07-531 (S.D. Tex. Feb. 14, 2007) (suit against state court judges); <u>Bonner v. Lozano</u>, No. G-01-450 (S.D. Tex. Jan. 29, 2004); <u>Bonner v. Williams</u>,

No. G-92-366 (S.D. Tex. Aug. 3, 1992); <u>Bonner v. Price</u>, No. G-92-18 (S.D. Tex. Jan. 30, 1992).

Bonner's current complaint concerns one of the actions, No. G-01-450, which Judge Kent dismissed as frivolous. That action involved allegations of confiscation of property, use of force, and denial of medical attention. After considering the Magistrate's recommendation and Bonner's responses to the court's interrogatories, the court dismissed the action based on Bonner's failure to state an actionable claim and Bonner's failure to comply with mandatory administrative exhaustion procedures before filing suit. <u>See</u> <u>id.</u>, <u>Opinion and Order</u>, Docket Entry No. 36 (Jan. 29, 2004).

Bonner accuses Judge Kent of judicial misconduct. Bonner alleges that he was under the impression that only one of the three defendants had been dismissed and that his suit was still pending after the dismissal. Without providing any probative documentary evidence, Bonner asserts that Judge Kent, or one of his clerks, "doctored" the record to reflect that the entire suit had been dismissed after the fact. This allegation is undermined by a Final Judgment (See G-01-450, Docket Entry No. 37.), which was docketed on the same date as the Opinion and Order. Bonner concludes his complaint with reference to press releases in which Judge Kent has been alleged to have engaged in inappropriate behavior in matters that are not related to Bonner's interests. Bonner asks that his

-2-

filing fee in G-01-450 be returned to his sister and seeks an injunctive order to alter the records of the Galveston Division of the Southern District of Texas to reflect that one of Bonner's prior civil rights actions was a habeas proceeding not subject to the provisions of 28 U.S.C. § 1915(g).

Bonner's complaint has no legal basis because he cannot seek monetary damages from Judge Kent for performing his official duties as a judge. See Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989), citing Stump v. Sparkman, 98 S.Ct. 1099 (1978). Like all judicial officers, Judge Kent must be allowed to make difficult decisions without fear of reprisal from aggrieved parties who may subject judges to vexatious and sometimes, as in the present action, frivolous suits. See id. The need for judges to be able to work independently and decisively requires that they have absolute immunity for their judicial acts. See Holloway v. Walker, 765 F.2d 517, 522 (5th Cir. 1985).

Apart from suing an official who has absolute immunity, Bonner's complaint is also dismissible because it fails to assert any action by Judge Kent that would implicate a violation of Bonner's rights. Bonner cannot assert a claim against Judge Kent merely because he has made a decision against Bonner. See Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993). Bonner's unsupported assertions that the record had been "doctored" are insufficient to state a civil rights violation. Jackson v.

Widnall, 99 F.3d 710, 715-16 (5th Cir. 1996). The complaint is also baseless because Bonner fails to present any facts showing that Judge Kent "doctored" the record. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). At the most, Bonner shows that he failed to take any action after a Final Judgment was entered because he apparently did not understand its implications. While courts are lenient in interpreting pro se litigants' pleadings, such litigants must still abide by the rules of the courts. See McNiel v. United States, 113 S.Ct. 1980 (1993). If Bonner believed that Judge Kent's Opinion and Order and Final Judgment were incorrect, he should have filed a timely appeal. His failure to do so does not justify the filing of this action.

As noted above, Bonner has filed at least four civil rights actions that were dismissed as frivolous. Barring a showing of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Bonner has not paid the filing fee, and his allegations do not indicate that he is in any immediate danger that would warrant waiver of the fee requirement. See Choyce v. Dominguez, 160 F.3d

-4-

1068, 1071 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Consequently, this action is also subject to dismissal pursuant to 28 U.S.C. § 1915(g).

The court finds that the flippant language used by Bonner against Judge Kent (See Docket Entry No. 1, at 5.) should not be tolerated, and appropriate measures should be taken to prevent the filing of vexatious and abusive pleadings. See In re McDonald, 109 S.Ct. 993 (1989) (courts have the inherent power to protect the means of justice from pro se plaintiffs who divert judicial resources to the handling of frivolous or harassing suits); Theriault v. Silber, 579 F.2d 302 (5th Cir. 1978). Therefore, this court will admonish Bonner that he may be subject to sanctions or restrictions regarding any future filing of frivolous complaints, particularly those that contain unsupported claims of judicial misconduct. See In re Sassower, 20 F.3d 42 (2d Cir. 1994).

### Conclusion and Order

The court **ORDERS** the following:

1. This prisoner action will be dismissed with prejudice as frivolous. 28 U.S.C. § 1915(e)(2).

2. Charles Edward Bonner, TDCJ-CID No. 560458, is not entitled to proceed in forma pauperis.

3. Bonner is **ADMONISHED** that he may be subject to sanctions or restrictions if he continues to file frivolous complaints.

4.   The Clerk shall send a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the District Clerk for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 10th day of January, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE